**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

CYNTHIA MINGO, as Personal Representative of the Estate of Daniel Mingo,

    Plaintiff,

v.

CITY OF MOBILE,

    Defendant.

CIVIL ACTION NO.: 1:12-cv-00056-B

## **ANSWER**

Defendant City of Mobile answers the complaint as follows:

1.    Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

2.    Defendant City of Mobile admits that it is a municipality organized and existing under the laws of the State of Alabama. Defendant further admits that it exercises its police powers through a division or department of the City of Mobile described as the Mobile Police Department. Any remaining allegation not specifically admitted herein is hereby denied.

3.    Denied.

4.    Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

5.    Defendant admits that Daniel Mingo was initially stopped by a Mobile Police Officer on Halls Mill Road in Mobile County on January 21, 2010 for a violation of

1

the Alabama Rules of the Road. Any remaining allegation not specifically admitted herein is hereby denied.

6. Denied.

7. Denied.

8. Denied.

9. Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

## AS TO COUNT I

19. Defendant adopts its prior responses.

20. Denied.

## AS TO COUNT II

21. Defendant adopts its prior responses.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

## **AS TO COUNT III**

26. Defendant adopts its prior responses.

27. Denied.

28. Denied.

## **AS TO COUNT IV**

29. Defendant adopts its prior responses.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

## **AS TO COUNT V**

34. Defendant adopts its prior responses.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

## AS TO THE PRAYER FOR RELIEF

(A) Denied.

(B) Denied.

(C) Denied.

(D) Denied.

(E) Denied.

## FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim against this defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The alleged injuries and damages of plaintiff's decedent were proximately caused by the acts or omissions of some person or entity other than this defendant.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's decedent was himself guilty of contributory negligence which proximately caused or contributed to his injuries and damages.

## FOURTH AFFIRMATIVE DEFENSE

Defendant claims the benefit of all statutes limiting the liability of governmental entities or limiting the collection of judgments against municipal entities and their employees.

## FIFTH AFFIRMATIVE DEFENSE

Defendant claims the protections of all applicable statutory caps on damages.

## SIXTH AFFIRMATIVE DEFENSE

Defendant claims the protections and benefits of *Ala. Code* § 11-47-190.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant claims the protections and benefits of *Ala. Code* § 11-47-191.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant asserts the defense of substantive immunity.

## NINTH AFFIRMATIVE DEFENSE

Defendant asserts the defense of discretionary function immunity.

## TENTH AFFIRMATIVE DEFENSE

Defendant asserts the defense of state agent immunity.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant asserts the defense of statutory law enforcement immunity.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant claims the benefit of all statutes and the common law conferring immunity or protection to governmental entities or their employees.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant cannot be held liable pursuant to 42 U.S.C. § 1983 under any theory of *respondeat superior* liability.

## FOURTEENTH AFFIRMATIVE DEFENSE

No allegedly unconstitutional policy of the City of Mobile has been implicated which allegedly caused or contributed to the injuries or damages claimed.

## FIFTEENTH AFFIRMATIVE DEFENSE

Punitive damages are not awardable against the City for causes of action brought pursuant to 42 U.S.C. § 1983.

## SIXTEENTH AFFIRMATIVE DEFENSE

Punitive damages are not awardable against the City under the laws of the State of Alabama.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Any claim or cause of action asserted against this defendant under state law is barred due to plaintiff's failure to comply with the applicable statute of non-claims.

## EIGHTEENTH AFFIRMATIVE DEFENSE

This action is barred by the applicable statutes of limitation.

## NINETEENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages under the facts of this case and the laws of the State of Alabama would constitute a denial of the guarantees of equal protection and due process afforded by the United States Constitution and the Constitution of the State of Alabama.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant asserts the doctrine of intervening or superseding cause to the extent that acts of individuals known and unknown or conditions known or unknown may constitute acts or conditions of an independent character over whom defendants had no duty or ability to control thereby constituting an independent cause resulting in injury to plaintiff.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant asserts that the sole proximate cause of plaintiff's alleged injuries and damages are events, conditions, physiology and reactions which could not have been reasonably anticipated in the exercise of reasonable care applicable to this defendant, and as such, defendant can have no liability whatsoever for the complaint and causes of action asserted against it.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, res judicata, collateral estoppel, judicial estoppel, ratification, consent, and acquiescence.

s/Thomas O. Gaillard, III

THOMAS O. GAILLARD, III  (GAI012)
tgaillard@gallowayllp.com
GALLOWAY, WETTERMARK, EVEREST,
RUTENS & GAILLARD, LLP
Post Office Box 16629
Mobile, Alabama  36616-0629
PH:  251-476-4493
FX:  251-479-5566
*Attorneys for Defendant City of Mobile*

1:12-cv-00056-B
Answer

# CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of February 2012, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

    Peter S. Mackey, Esq.
    Henry Brewster

and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants:

    None.

                                      **s/Thomas O. Gaillard, III**