IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CYNTHIA MINGO, as Personal Representative of the Estate of Daniel Mingo,<br><br>　　Plaintiff,<br><br>v.<br><br>CITY OF MOBILE,<br><br>　　Defendant. | CIVIL ACTION NO.:  1:12-cv-00056-KD-B |

**NARRATIVE OF FACTS AND MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW the Defendant the City of Mobile, Alabama and respectfully provides this Honorable Court with the following Narrative of Facts and Memorandum of Law.  For purposes of this pleading, the facts presented are either undisputed or are presented in the best light to the Plaintiff.

**NARRATIVE OF FACTS**

On January 21, 2010, Plaintiff's decedent, Daniel Mingo, was involved in an incident with City of Mobile police officers.  (Ex. 1, Complaint ¶ 5).  Plaintiff alleges that Daniel Mingo died on January 28, 2010 as result of his interaction with these police officers on January 21, 2010.  (Ex. 1, Complaint).  In count one, Plaintiff attempts to assert a claim of excessive force under 42 U.S.C § 1983 bases on an alleged violation of Daniel Mingo's Fourth Amendment rights.  (Ex. 1, Complaint ¶ 10).  Plaintiff asserts a claim against the City of Mobile in count two pursuant to 42 U.S.C § 1983 for the death of Daniel Mingo allegedly based on an unconstitutional policy or custom of the City of

Mobile.  Plaintiff asserts a similar wrongful death claim under 42 U.S.C § 1983 in count three of the Complaint alleging a failure to train theory.  Counts four and five of the Complaint allege wrongful death claims against the City based on Alabama law.  (Ex. 1, Complaint).

The Complaint made the basis of this lawsuit is not the first time this matter has been before this Court.  An initial Complaint was filed on January 28, 2010 in the Circuit Court of Mobile County, Alabama styled *Daniel Mingo v. City of Mobile,* Civil Action Number CV-2010-900215.  (Ex. 2, 2010 Complaint).  That case was removed to this Court on February 3, 2010 by the City of Mobile.  See, *Daniel Mingo v. City of Mobile,* Case No. 1:10-cv-00059-CG-N.  After the City of Mobile filed a motion to dismiss that Complaint, the Plaintiff filed a notice of voluntary dismissal on May 7, 2010.  (Ex. 3, Notice of Voluntary Dismissal, Case No. 1:10-cv-00059-CG-N, Doc. 19).

After the original Complaint was dismissed on May 7, 2010, Plaintiff filed another lawsuit in the Circuit Court of Mobile County, Alabama on January 30, 2012.  That Complaint was filed by Cynthia Mingo, as personal representative of the estate of Daniel Mingo, against the City of Mobile, Civil Action Number CV-2012-900209.  That Complaint was removed to this Court by the Defendant on February 3, 2012. Daniel Mingo died on January 28, 2010.  (Ex. 4, Death Certificate of Daniel Mingo).  The Complaint filed by Plaintiff on January 30, 2012 was filed two years and two days after the death of Daniel Mingo.  (Ex. 1, Summons and Complaint).

## **MEMORANDUM OF LAW**

Plaintiff Cynthia Mingo, as personal representative of the estate of Daniel Mingo, asserts claims for excessive force and wrongful death under 42 U.S.C. § 1983 along

with Alabama wrongful death claims against the City of Mobile. The Defendant's pending motion is one for summary judgment pursuant to rule 56 of the Federal Rules of Civil Procedure.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a), Fed. R. Civ. P.; *Celotex Corporation v. Catrett,* 477 U.S. 317, 322 (1986); *Everett v. Napper,* 833 F.2d 1507, 1510 (11th Cir. 1987). A party is entitled to judgment as a matter of law unless the non-movant demonstrates that a genuine dispute exists as to an element of his or her case on which they have the burden of proof. *Celotex,* 477 U.S. at 322. A failure by the opposing party to point out disputed facts can be taken as the admission that no material factual dispute exists. SD ALA LR Rule 7.2(b). The function of the Court is not to weigh the evidence and determine the truth of the matter but to determine whether there is an issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).

Summary judgment is improper "if the dispute about a material fact is genuine, that is if the evidence is such that a reasonable jury would return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 248. If a reasonable fact-finder can find more than one inference from facts and that inference creates a genuine issue of material fact, then the Court should refuse to grant summary judgment. *Samples v. City of Atlanta,* 846 F.2d 1328, 1330 (11th Cir. 1980). All of the factual matters are to be viewed in the light most favorable to the non-moving party. *Barnes v. Southwest Forrest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987).

### I. Plaintiff cannot assert any excessive force claim under 42 U.S.C. § 1983

Plaintiff attempts to assert a claim for excessive force against the City of Mobile under 42 U.S.C. § 1983 in Count One of the Complaint. To the extent Plaintiff is attempting to assert any personal injury type claim based on an allegation of excessive force relating to Daniel Mingo, any such claim is due to be dismissed as a matter of law. The United States Supreme Court in *Robertson v. Wegmann* recognized that "federal law simply does not 'cover every issue that may arise in the context of a federal civil rights action.'" 436 U.S. 584, 560 (1978) (quoting *Moor v. County of Alameda,* 411 U.S. 693, 702, 703, 36 L. Ed. 2d 596, 93 S. Ct. 1785 (1973)). Although federal law is deficient with regards to the survival of civil rights actions under § 1983, the Court instructs us to follow the directive in 42 U.S.C § 1988 and look to the state law of the forum state for direction on this issue. *Robertson v. Wegmann*, 436 U.S. at 560.

The pertinent language of 42 U.S.C. § 1988 provides that, when federal law is "deficient" with regard to federal civil rights actions, federal courts are to be governed by:

> "…The common law, as modified and changed by the Constitution and statutes of the state wherein the Court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said Courts in the trial and disposition of the cause…"

In other words, where there is no federal law controlling the issue, the Court looks to the law of the forum state to resolve that issue. In the present case, the Plaintiff filed suit under state and federal law for injuries allegedly received as a result of an encounter between Daniel Mingo and City of Mobile police officers. Count One of the

Complaint appears to assert personal injury type claims based on allegations of excessive force under 42 U.S.C § 1983. Because federal law does not define the survival of that type of § 1983 claim, we must look to Alabama law. Under Alabama law, unfiled tort claims do not survive the death of the putative Plaintiff. See Ala. Code § 6-5-462 (1975); *Bassie v. Obstetrics and Gynecology Associates of Northwest Alabama, PC*, 828 So. 2d 280, 283 (Ala. 2002). Stated another way, a Plaintiff cannot bring tort claims other than for wrongful death where those claims are not properly filed before death. *Malcolm v. King,* 686 So. 2d 231 (Ala. 1996); *Golthy v. Alabama,* 287 F. Supp. 2d 1259, 1267 (M.D. Ala. 2003). Therefore, any claim other than a wrongful death claim Plaintiff attempts to assert in Count One of the Complaint is due to be dismissed as a matter of law.

II. **Plaintiff's wrongful death claims under 42 U.S.C. § 1983 and Alabama law are barred by the applicable statute of limitation**

The Complaint in this case was filed two years and two days after the death of Plaintiff's decedent. As a result, the Complaint is untimely and this case is due to be dismissed. An analysis of this issue necessarily requires an inquiry as to the applicable statute of limitation.

Because Congress failed to provide a specific statute of limitation to govern § 1983 claims, courts are instructed, through 42 U.S.C. § 1988, to look to state law to fill that gap. *Wilson v. Garcia,* 471 U.S 261, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985); *Owens v. Okure,* 488 U.S. 235, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989). In *Owens,* the Supreme Court stated that § 1983 claims are best characterized as personal injury actions and determined that a state's personal injury statute of limitation should be

applied to § 1983 claims. *Owens v. Okure,* 488 U.S. 235, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989). Therefore, the statute of limitation applied to a § 1983 claim filed in Alabama courts is the Alabama general or residual statute of limitation set out in Ala. Code § 6-2-38(l). *Lufkin v. McCallum,* 956 F. 2d 1104, 1105-06 (11th Cir. 1992); *Gorman v. Wood,* 663 So. 2d 921, 922 (Ala. 1995). Accordingly, the Plaintiff's claims in this case are subject to a two year statute of limitation.

Federal law determines the date on which the statute begins to run and the statute of limitation for a § 1983 action begins to run from the date "the facts which would support a cause of action are apparent or should be apparent to a person with reasonably prudent regard for his rights." *Mullinax v. McElhenney,* 817 F. 2d 711, 716 (11th Cir. 1987); *Brown v. Georgia Bd. of Pardons and Paroles,* 335 F. 3d 1259, 1261 (11th Cir. 2003). In other words, a federal claim accrues when the prospective Plaintiff knows or has reason to know of the injury which is the basis of the action. *McNair v. Allen,* 515 F. 3d. 1168, 1174 (11th Cir.), *cert. denied, Callahan v. Allen,* --- U.S. ---, 128 S.Ct. 2914, 171 L. Ed. 2d 850 (2008). There should be no dispute in the present case that the wrongful death claims accrued on the date of death. See, *Ex Parte Davis,* 9 So. 3d 480 (Ala. 2008) (affirming dismissal of amended complaint asserting § 1983 and wrongful death claims based on two year statute of limitation); See also, *Ross v. Mickle,* 194 Fed. Appx. 742 (11th Cir. 2006) (holding that a Plaintiff's claim of excessive force arising from a shooting began to accrue at the time of the incident); *Chasteen v. U.S.,* 334 Fed. Appx. 271(11th Cir. 2009) (finding that wrongful death claim under Federal Tort Claims Act accrued on the date of death).

The death certificate for Daniel Mingo confirms that he died on January 28, 2010.

(Ex. 4). The state law wrongful death claims are similarly barred by the applicable two year statute of limitation. In Alabama, there was no common law cause of action for wrongful death. The Alabama legislature created such a cause of action through the adoption of Alabama Code § 6-5-410 which provides, in pertinent part, as follows:

> (a) A personal representative may commence an action and recover such damages as the jury may assess in a Court of competent jurisdiction within the State of Alabama where provided for in subsection (e), and not elsewhere, for the wrongful act, omission, or negligence of any person, persons, or corporation, his or her or their servants or agents, whereby the death of the testator or intestate was caused, provided the testator or intestate could have commenced an action for the wrongful act, omission, or negligence if it had not caused death.
>
> …
>
> (d) the action must be commenced within two years from and after the death of the testator or intestate.

The above-referenced wrongful death statute is a statute of creation. The Alabama Supreme Court has recognized that a distinction exists between a statute which creates a new right of action with an express restriction on the time within which an action may be brought to enforce the right, and a true statute of limitation. *Cofer v. Ensor* 473 So. 2d 984, 987 (Ala. 1985). Alabama Courts have explained the distinction between these two forms of limitation as follows:

> "In one [a statute of creation] the limitation [period] is so inextricably bound up in the statute creating the right that it is deemed a portion of the substantive right itself. In the other [a statute of limitation], the limitation is deemed to affect only the remedy and does not constitute part of the substantive right. By affecting the remedy, it is meant that the statute establishes the time frame in which a party may seek to enforce his claim. The running of the latter type of statute of

> limitation does not extinguish a party's right, but merely precludes his judicial assertion of that right."

*Cofer v. Ensor* 473 So. 2d 984, 987 (Ala. 1985) (quoting *State Department of Revenue v. Lindsey,* 343 So. 2d 535, 537 (Ala. Civ. App. 1977)).

"Consequently, where a prescriptive period is contained within the statutory grant of a cause of action, it is a statute of creation, and the period is deemed a portion of the substantive right itself, not subject to tolling provisions." *Cofer,* 473 So. 2d at 987. "The law of Alabama has been for many years that the two year period provided for in the wrongful death statute is a part of the substantive cause of action and is not to be treated as a statute of limitation. After two years, the remedy expires." *Mcmickens v. Waldrop,* 406 So. 2d 867, 869 (Ala. 1981). Because this two-year period is of the essence of the cause of action, it is not a limitation against the exercise of the remedy only. *Nicholson v. Lockwood Greene Engineers, Inc.,* 179 So. 2d 76, 78 (Ala. 1965).

The Plaintiff has the burden of affirmatively showing that his action was commenced within the period provided. *Id*. The Alabama Supreme Court has indicated on a number of occasions that actions under the wrongful death statute not brought within two years of death are strictly barred. The prescriptive period cannot be extended. See, *Sherrin v. Bose,* 608 So. 2d 364, 365 (Ala. 1992) (upholding summary judgment in favor of defendant where plaintiff tried to add a defendant to the lawsuit more than two years after the alleged wrongful death); See also*, Brown v. Mounger,* 541 So. 2d 463 (Ala. 1989) (holding that parents that did not receive letters of administration within two years of son's death were prohibited from bringing wrongful death action); *Johnson v. Brookwood Med. Ctr.,* 946 So.2d 849 (Ala. 2006) (holding that discovery rule of Alabama Medical Liability Act did not operate to extend two year

8

limitation period for a wrongful death claim under Ala. Code § 6-5-410).

Defendant asserts that because the two year period of limitation outlined in Ala. Code § 6-5-410 is a substantive part of that statutory cause of action, the limitation outlined in that statute is applicable to both the § 1983 wrongful death claims and the Alabama state law wrongful death claims.  Indeed, the Eleventh Circuit Court of Appeals has made clear that a § 1983 wrongful death claim in Alabama is asserted pursuant to the Alabama wrongful death statute found at Ala. Code § 6-5-410.  *Estate of Giliam ex rel. Waldrop v. City of Prattville*, 639 F.3d 1041, 1047 (11th Cir. 2011) ("when a constitutional violation actually causes the injured party's death, a § 1983 claim can be asserted through the Alabama wrongful death statute, Ala. Code § 6-5-410"). Nevertheless, even if the Court determines that the general residual two year statute of limitation found at Alabama Code § 6-2-38 (l) applies to the Plaintiff's § 1983 wrongful death claims, those claims are still barred by the application of that statutory period. The United States Supreme Court has explained:

> "Statutes of limitation find their justification in necessity and convenience rather than in logic. They represent expedience rather than principles…they are by definition arbitrary and their operation does not discriminate between the just and unjust claim, or the avoidable and unavoidable delay. They have come into the law not through judicial process but through legislation."

*Chase Securities Corp. v. Donaldson* 325 U.S. 304, 314, 65 S. Ct. 1137, 1142, 89 L. Ed. 1628 (1945).

Being a creature of legislative process, the Court must strictly adhere to statutes of limitation.  *Kavanagh v. Noble* 332 U.S. 535, 539, 68 S. Ct. 235, 237, 92 L. Ed. 150 (1947).  While a particular statutory period of limitation may seem arbitrary or even

harsh, a Court is required to apply and abide by those periods of limitation as are the litigants.  In the present case, the Plaintiff filed the Complaint two years and two days after the date of death of Daniel Mingo; the claims asserted in that Complaint are untimely and are due to be dismissed as a matter of law based on the applicable limitation period.

## CONCLUSION

Based upon the foregoing, Defendant City of Mobile is entitled to summary judgment as to all federal and state law claims.

Respectfully submitted:

**s/Thomas O. Gaillard, III**

THOMAS O. GAILLARD, III  (GAILT9459)
tgaillard@gallowayllp.com
GALLOWAY, WETTERMARK, EVEREST,
RUTENS & GAILLARD, LLP
Post Office Box 16629
Mobile, Alabama  36616-0629
PH:  251-476-4493
FX:  251-479-5566
*Attorneys for Defendant City of Mobile*

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of May, 2013, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

Michael A. Wing, Esq.
Martin E. Regan, Jr., Esq.

**s/Thomas O. Gaillard, III**