IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **CYNTHIA MINGO, as Personal Representative of the Estate of Daniel Mingo,** | ) ) ) ) | |
| | ) | CIVIL ACTION NO. 12-0056-KD-B |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| **CITY OF MOBILE, ALABAMA,** | ) ) | |
| Defendants. | ) | |

## MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, Cynthia Mingo, as Personal representative of the Estate of Daniel Mingo, by and through her undersigned counsel, respectfully submits this Memorandum in Opposition to the Motion for Summary Judgment filed by the Defendant, City of Mobile, Alabama. For the following reasons contained herein, Defendant's Motion for Summary Judgment should be denied.

## PREAMBLE

Defendant is now seeking to have this Honorable Court render summary judgment in favor of it by stating that discovery has been completed. This assertion is simply incorrect.

On March 22, 2013, approximately three (3) months ago, undersigned counsel became involved in this lawsuit as counsel for the Plaintiff. Since becoming involved, undersigned counsel has requested the deposition of fourteen (14) individuals who have or may have knowledge concerning the arrest of Daniel Mingo on January 21, 2010, has obtained two experts and requested the information needed from various sources within the deadlines set forth by this Court for the expert to prepare and submit an expert report, and has submitted written discovery to counsel for Defendant, which responses and documentation still has not been provided. As such, Plaintiff would argue the Motion for Summary Judgment filed by Defendant is premature.

1

## FACTUAL BACKGROUND

On January 21, 2010, Daniel Mingo was lawfully traveling a public roadway in his automobile on Halls Mills Road in Mobile County, Alabama, along with a passenger, Nadia Lee, when he was stopped by a City of Mobile police officer for an alleged traffic violation. (*See* Complaint, No. 5, Doc. No. 2-1). Mr. Mingo was forcefully removed from his automobile, searched, and the police officer took possession of his driver's license. (*Id*. at No. 6). Prior to January 2010, certain Mobile County police officers had conducted a campaign of harassment, illegal detentions and illegal arrests or citations of Mr. Mingo in an effort to intimidate Mr. Mingo into acting as a cooperating operative for the purpose of identifying drug law violators to these officers. (*Id*. at No. 7). As a result of the Mobile police officers prior actions, Mr. Mingo ran away on foot. (*Id*.).

The pursuing officers knew Daniel Mingo was unarmed and did not possess any contraband or weapons and had no outstanding warrants because they had previously searched Mr. Mingo during the original stop. (*See* Complaint, No. 7, Doc. No. 2-1). While conducting the search for Mr. Mingo, the pursuing officers were given notice by Mr. Mingo's mother, Cynthia Mingo, who called the 911 dispatcher and spoke to Officer Kelly who remained at the vehicle Mr. Mingo fled from, and specifically told the 911 dispatcher that Mr. Mingo suffered from nonviolent mental disabilities and was a current patient at Mobile Mental Health. (*Id*. at Nos. 9-10).

However, upon approaching Daniel Mingo who was hiding under furniture in a storage shed unarmed, had not committed any crime other than a possible traffic violation, several Mobile County police officers stripped him of his clothes, dragged him through the asphalt, gravel and glass, and electrocuted him with a Taser numerous times. (*See* Complaint, No. 10; *see also*, Expert Report of Ralph Long, Exhibit A). Mr. Mingo was also thrashing around on the ground and saying "crazy stuff" when the officers proceeded to beat Mr. Mingo so severely and to the extent Mr. Mingo suffered cardiac arrest, a broken nose, and blunt force trauma to the head, neck and thorax, all of which proximately caused his death seven days later on January 28, 2010. (*Id*. at No. 10).

The actions of the Mobile County police officers to use excessive force in the beating and ultimate death of Daniel Mingo constituted a violation of the policy and procedures of the

Mobile County, Alabama police department and the constitutional rights of Daniel Mingo, thereby rendering the Mobile County, Alabama police department liable under 42 U.S.C. 1983.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "when the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In deciding whether there is a genuine issue of material fact, the court is to view the record in the light most favorable to the party opposing the motion, giving the non-movant the benefit of all favorable inferences, that can reasonably be drawn from the record and the benefit of any doubt as to the existence of any genuine issue of material fact. *Adickes v. S.H. Kress and Co.*, 398 U.S. 144, 157-159 (1970).

Summary judgment is improper "if the dispute about a material fact is genuine, that is if the evidence is such that a reasonable jury would return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If a reasonable fact finder can find more than one indifference from facts and that inference creates a genuine issue of material fact, then the Court should refuse to grant summary judgment. *Samples v. City of Atlanta*, 846 F.2d 1328, 1330 (11th Cir. 1980). All of the factual matters are to be viewed in the light most favorable to the non-moving party. *Barnes v. Southwest Forrest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987).

**I.     Plaintiff has asserted a valid, excessive force claim against the City of Mobile, Alabama under 42 U.S.C. § 1983**

Plaintiff has asserted causes of action against the Defendant on several grounds such as excessive force, unconstitutional policy and practice of the City of Mobile, failure to train and supervise, and wrongful death which the Defendant violated the constitutional rights of Daniel Mingo and renders the Defendant liable under 42 U.S.C. § 1983 and Alabama state law. Contrary to the Defendant's argument that Plaintiff cannot assert an excessive force claim under 42 U.S.C. § 1983, the Defendant is simply incorrect.

When a constitutional violation actually causes the injured party's death, a § 1983 claim **can** be asserted through the Alabama wrongful death statute. *Brown v. Morgan County, Alabama*, 518 F.Supp. 661, 665 (N.D. Ala. 1981); *City of Tarrant, Alabama v. Jefferson*, 682 So.2d 29, 29-31 (Ala. 1996); Ala. Code § 6-5-410. In these cases, the plaintiff "must prove as part of her case

that the defendants' actions were the actual and proximate cause of the injuries alleged." *Gilliam ex rel. Waldroup v. City of Prattville*, 667 F.Supp.2d 1276, 1299 (M.D. Ala. 2009). In the instant matter, the expert report of Ralph Long and Dr. James Lauridson clearly establish that the Defendant's actions were the actual and proximate cause of Daniel Mingo's injuries and subsequent death. (*See* Expert Report of Ralph Long, Ex. A; *see also*, Expert Report of Dr. James Lauridson, Ex. B).

According to Ralph Long, when the arresting Mobile Police Department officers encountered Daniel Mingo after he fled from the traffic stop, the officers noted that Mingo was acting irrationally, hiding under furniture, was mostly undressed, yelling incoherently, and was observed thrashing against his restraints. (*See* Ex. A, p. 2). These behaviors are indicators that are listed in MO-2005-88.III.E of the Mobile Police Department policy for "Recognizing and Handling Persons With Mental Illness" that Mingo was suffering from "excited delirium," a condition termed by MO-2005-88 to be a "potentially lethal emergency." (*Id.*).

Rather than follow the Mobile Police Department policies and procedures when encountering Mingo due to this behavior, the officers decided to place Mingo in a four-point restraint, or **hog-tie** Mingo by handcuffing Mingo behind his back and then pulled his legs up against his buttocks where his ankles were then lashed to his cuffed hands with a cord or shackle. (*See* Ex. A, pp, 1-2). During the effort to restrain Mingo, Officer Hugh Barnes initiated a drive stun with his Taser and struck Mingo with his Taser in his lower back. (*Id.* at p. 2) Mingo was then carried with the assistance of other officers on the scene and was carried to the patrol car where he was placed in the back seat on his stomach. (*Id.*) It is disputed as to the actual number of times Daniel Mingo was tased according to witnesses that have not yet been deposed in this matter.

A number of police officers and supervisors were standing around the patrol car which held Mingo while waiting for paramedics to arrive for a medical check to be performed on him and they heard loud noise and beating inside the car (*Id.*) However, upon arrival of the paramedics, Mingo was discovered on his stomach with his hands cuffed behind his back, his feet pulled up to his buttocks and shackled to his hands, unconscious and not breathing. (*Id.*) Mingo was transported to the hospital where he later died and the coroner stated the cause of death was "excited delirium."

According to MO-2005-88.III.E of the Mobile Police Department policy for "Recognizing and Handling Persons With Mental Illness," the policy states the following:

> "When these symptoms are recognized, a medical unit shall be started to the location immediately. When possible, no contact should be made with the subject until the medical unit is on the scene. **Subjects shall not be transported in the hog-tied prone position face down**. As soon as the subject is secured get him off his stomach.
>
> **Positional asphyxia can result when the abdomen is compressed to the extent that the ability to expand the chest is impeded and insufficient oxygen amounts is drawn into the lungs. It can result in brain damage or death**."

In addition, according to General Order 70.2.1 of the Mobile Police Department which applies to Prisoner Transportation and Prisoner Restraint Requirements, the policy and procedure states the following:

> "Agency members should be aware that some techniques have been found to contribute to serious physical injury or death (e.g., "positional asphyxia") and are prohibited.
>
> The prisoner should be placed on his/her side facing away from the back of the seat."

\
According to MO-2005-88.III.E of the Mobile Police Department, once the person is loaded for transport, the officer who is not driving shall monitor the subject closely and continuously.

Based on the foregoing, it is clearly apparent that the failure of the Mobile Police Department officers and supervisors to follow standard policy and procedure resulted in the death of Daniel Mingo for an offense related to a traffic violation. The above mentioned policy and procedures were designed to prevent a death such as Mingo. However, those policies and procedures were clearly not followed.

Specifically, the deposition testimony of the three police officers taken in this lawsuit and their actions showed that they were insufficiently trained to recognize clear indications of mental disorder and the potentially lethal medical emergency knows as "excited delirium" that is found at MO-2005-88.III.E of the Mobile Police Department. (*See* Ex. A, p. 3). In fact, Cynthia Mingo, the mother of Daniel Mingo, actually spoke to the 911 dispatcher for over forty-five minutes to advise the police officers of the mental status of Daniel Mingo.

The officers also failed to properly position Daniel Mingo who was hog-tied in the police car as mandated by General Order 70.2.1, which resulted in Mingo's inability to breathe as he was found by the paramedics face down on the car seat. (*Id.*) The officers failed to closely and

continuously monitor Mingo to make sure he could breathe, even though MO-2005-88.III.E of the Mobile Police Department directed that action to be taken. (*Id.*).

The facts show that the Mobile Police Department's arresting officers violated their departmental directives and Daniel Mingo's Fourth Amendment right to be free from unreasonable seizures and from the use of excessive force. (*See* Ex. A, p. 1). The arresting officers were acting under color of law and the authority vested in them as police officers by the City of Mobile. (*Id.*). The factors and circumstances that may be considered in assessing the reasonableness of the force include severity of the crime allegedly committed by the arrestee (Mingo), whether the arrestee posed an immediate threat to the safety of the officer or others and whether the arrestee was resisting arrest or attempting to evade arrest by fleeing. (*Id.*). According to Ralph Long, he opines after reviewing the policies and procedures received from the City of Mobile that Daniel Mingo's death was not justified, demonstrated excessive use of force under the department's own standards, and that Mingo's death was an avoidable breach of his Fourth Amendment constitutional protections. (*Id.*).

More importantly, Dr. James Lauridson, a pathologist who reviewed all the medical records of Daniel Mingo, pathology slides of Mingo's tissue samples, and the deposition transcripts of Officers Kelly, Law, and Barnes, concluded that Daniel Mingo died as a result of asphyxia while in police custody from the setting police restraint. (*See* Exhibit B). Again, the death of Mingo was due to the excessive use of force by hog-tying Mingo and placing him face down inside the police car without any supervision to ensure he could breath. As such, this is a clear violation of the Defendant's policies and procedures and Plaintiff has a viable claim for excessive force claim under 42 U.S.C. § 1983 as the Defendant's actions were the actual and proximate cause of Daniel Mingo's death. For these reasons, Defendant's Motion for Summary Judgment should be denied.

II. **Plaintiff's wrongful death claims under 42 U.S.C. § 1983 and Alabama were filed timely and are not barred under the applicable statute of limitation**

Defendant has argued that the Complaint that was filed on January 30, 2012 was filed two years and two days after the death of Daniel Mingo, thereby making the Complaint untimely pursuant to 42 U.S.C. § 1983 and Alabama law. Defendant's claims are without merit as addressed below and should be disregarded.

Defendant asserts that because the two year period of limitation outlined in Alabama Code 6-5-410 is a substantive part of the statutory cause of action, the limitation outlined in that statute is applicable to both the § 1983 wrongful death claims and the Alabama state law wrongful death claims, which is a two year statutory period.  As such, Defendant asserts that the Complaint filed on January 30, 2012 is two years and two days late.  However, what Defendant has failed to show the Court is the day of the week the two year statute of limitation should have ended and the day of the week the Complaint was filed on January 30, 2012.

January 28, 2012 would have been the correct time period for Plaintiff to file wrongful death claims under 42 U.S.C. § 1983 and Alabama state law.  However, the day of the week January 28, 2012 fell on was a Saturday and a legal holiday pursuant to Section 1-1-4 of the Alabama Code (1975).  As such, the Complaint was filed on the next working day which was Monday, January 30, 2012, and is therefore timely.

Specifically, Section 1-1-4 of the Alabama Code (1975) provides, in pertinent part, "if the last day is Sunday, or a legal holiday as defined in Section 1-3-8**, or a day on which the office in which the act must be done shall close as permitted by any law of this state, the last day also must be excluded, and the next succeeding secular or working day shall be counted as the last day within which the act may be done**."  (emphasis added).  Simply put, since January 28, 2012 fell on a Saturday and was a legal holiday, the Complaint was filed the next business or working day on Monday, January 30, 2012, and was therefore proper.  Therefore, Defendant's argument is without merit and the Complaint filed by Plaintiff on January 30, 2012 and all the allegations contained therein was timely and proper.

## **CONCLUSION**

The report of Ralph Long clearly presents genuine issues of material fact for a jury to determine whether the Mobile Police Department's arresting officers violated their departmental directives and Daniel Mingo's Fourth Amendment right to be free from unreasonable seizures and from the use of excessive force by hog-tying Mr. Mingo and placing him face down with his hands and feet shackled behind his back.  These horrible and egregious actions on the part of the arresting officers allowed Mr. Mingo to asphyxiate and die on January 28, 2012.

In addition, the fact that the two year statute of limitation fell on a Saturday and the Complaint was filed the next working day on Monday made the suit timely in accordance with

Section 1-1-4 of the Alabama Code (1975). For these reasons and the reasons previously stated herein, the City of Mobile, Alabama's Motion for Summary Judgment should be denied.

DATE: June 18, 2013.

        Respectfully submitted,

        */s/ Martin E. Regan, Jr.*
        Martin E. Regan, Jr.
        LSBA No. 11153
        2125 St. Charles Avenue
        New Orleans, Louisiana 70130
        T: (504) 522-7260

        - AND –

        Michael A. Wing
        ASB-W81M-7151
        401 Church Street, Suite B
        Mobile, Alabama 36602
        T: (251) 433-7468

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have on this 18th day of June, 2013, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing using CM/ECF.

        */s/ Martin E. Regan, Jr.*
        Martin E. Regan, Jr.